UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA, )
          Plaintiff, )
              )
     v.                  ) Civil Action No.
                                        )
1995 BMW M3 COUPE, BEARING    )
VEHICLE IDENTIFICATION NUMBER )
WBSBF9321SEH03438, AND         )
MASSACHUSETTS REGISTRATION    )
NO. 99HJ26,                       )
          Defendant.      )

**VERIFIED COMPLAINT FOR FORFEITURE IN REM**

The United States of America, by its attorney, Michael J. Sullivan, United States Attorney for the District of Massachusetts, in a civil action of forfeiture pursuant to Title 21, United States Code, Section 881(a)(4), alleges that:

1. This Court has jurisdiction in this matter pursuant to 28 U.S.C. §§ 1345, 1355, and 1356. Venue is appropriate pursuant to 28 U.S.C. § 1395.

2. The *in Rem* defendant vehicle is now, and, during the pendency of this action, will be within the jurisdiction of this Court.

3. The defendant vehicle is described as one 1995 BMW M3 Coupe, bearing Vehicle Identification Number WBSBF9321SEH03438, and Massachusetts Registration No. 99HJ26 (the "Defendant Vehicle").

4. As outlined in the Affidavit of United States Drug Enforcement Administration Special Agent Robert Donovan, attached

hereto as Exhibit A, and incorporated herein by reference, the United States has probable cause to believe that the Defendant Vehicle was used and/or was intended to be used to transport, or in any manner to facilitate the transportation, sale, receipt, possession, or concealment of controlled substances, in violation of Title 21, The Federal Drug Abuse Prevention and Control Act (the "Act"), and is therefore subject to seizure and forfeiture pursuant to Title 21, United States Code, Section 881(a)(4) and (b).

5. By reason of these facts, the Defendant Vehicle is properly condemned as forfeited to the United States of America pursuant to 21 U.S.C. § 881(a)(4).

WHEREFORE, the United States of America requests:

(1) that a warrant and monition, in the form submitted, be issued to the United States Marshals Service for the District of Massachusetts, commanding them to: (a) take custody of the Defendant Vehicle, and (b) give notice to all interested parties to appear and show cause why the forfeiture should not be decreed;

(2) that judgment of forfeiture be decreed against the Defendant Vehicle;

(3) that thereafter the in Rem Defendant Vehicle be disposed of according to law; and

(4) for costs and all other relief to which the United States may be entitled.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By: *[signature]*
Shelbey D. Wright
Assistant U.S. Attorney
1 Courthouse Way, Suite 9200
Boston, MA 02210
(617) 748-3100

Date: 3/1/05

<u>Verification</u>

I, Robert Donovan, Special Agent, United States Drug Enforcement Administration, state that I have read the foregoing Complaint for Forfeiture <u>In</u> <u>Rem</u> and the attached Affidavit, and the contents thereof are true to the best of my knowledge, information, and belief.

*/s/ Robert Donovan*
Robert Donovan
Special Agent
U.S. Drug Enforcement
Administration


COMMONWEALTH OF MASSACHUSETTS

Suffolk, ss

Then personally appeared before me the above-named Robert Donovan, Special Agent of the United States Drug Enforcement Administration, who acknowledged the foregoing to be true to the best of his knowledge, information, and belief, on behalf of the United States of America.

Sworn and subscribed to before me this 1st day of March, 2005.

*/s/ Lisa J. Talbot*
Notary Public

My commission expires:

May 29, 2009

```
LISA J. TALBOT
Notary Public
Commonwealth of Massachusetts
My Commission Expires
May 29, 2009
```

4

<u>EXHIBIT A</u>   05 10396 REK

## AFFIDAVIT OF SPECIAL AGENT ROBERT DONOVAN

I, Robert Donovan, being duly sworn, depose and state:

1. I am a Special Agent of the United States Drug Enforcement Administration ("DEA"), and have served in this capacity for over seven (7) years.

2. I am currently assigned to the Boston, Massachusetts, Division Office. During my tenure as a Special Agent, I have worked on hundreds of drug investigations. I have written and/or participated in the execution of numerous search warrants resulting in the seizures of large quantities of controlled substances; packing implements and other paraphernalia involved in the manufacture and distribution of controlled substances; large amounts of United States currency, ledger books, bank records, telephone books, receipts, drug customer lists, and other documents relating to the manufacturing, transportation, ordering, purchasing, and distribution of controlled substances.

3. The information contained in this Affidavit was either observed by me or related to me by other law enforcement officers involved in this investigation. I submit this Affidavit in support of a Complaint for Forfeiture <u>in Rem</u> against one 1995 BMW M3 Coupe, bearing Vehicle Identification Number WBSBF9321SEH03438, and Massachusetts Registration No. 99HJ26 (the Defendant Vehicle). As described in more detail below, I have probable cause to believe

1

that the Defendant Vehicle was used or intended to be used to transport, or in any manner to facilitate the transportation, sale, receipt, possession, or concealment of controlled substances, in violation of Title 21, The Federal Drug Abuse Prevention and Control Act (the "Act"), and is therefore subject to seizure and forfeiture pursuant to Title 21, United States Code, Section 881(a)(4) and (b).

4.  I make this Affidavit based on my own personal knowledge, as well as information given to me by other law enforcement officers. This Affidavit does not contain each and every fact known to me regarding this investigation; the facts stated are for the purpose of establishing probable cause for forfeiture.

**THE INVESTIGATION**

5.  On or about October 13, 2004, United States Postal Inspectors identified a suspicious package during routine drug interdiction operations at the Logan Airport Airmail Center. The package bore tracking number ER782853700US and was addressed to Jim Liegakos ("Liegakos"), 49 Royal Crest Drive, Apt. #12, North Andover, Massachusetts 01845. The return address indicated the package was from a Mark Smith, 19200 Nordhoff Street, #102, Northridge, California 91324. According to postal records, the return address was a valid address, but Mark Smith was not known to receive mail at that address. In addition, records of the United States Postal Service confirm that the parcel was mailed on October

12, 2004, at approximately 10:37 a.m., from the Mission Hills, California, Post Office, and weighed approximately 4 pounds, 5 ounces. Investigation revealed that Liegakos was a resident of 49 Royal Crest Drive in North Andover, but the telephone number written on the Express Mail label above Liegakos' name, (781) 244-0744, was not a valid number for Liegakos, and a check with directory assistance on that number revealed no information. Another telephone number, (818) 300-7699, was also written on the Express Mail label, above Mark Smith's name. A check with directory assistance in California revealed that that particular number was not listed. A copy of the October 12, 2004, Express Mail label is attached as <u>Exhibit 1</u>.

6. A review of records related to previous Express Mail deliveries to Liegakos at 49 Royal Crest Drive in North Andover, Massachusetts, revealed that Liegakos had received a similar Express Mail package on or about October 5, 2004. That parcel also bore the sender name of Mark Smith at 19200 Nordhoff Street, Northridge, California. However the apartment number listed was #201, the Zip Code was 91326, and the telephone number for the sender was listed as 818-998-2100. According to directory assistance in California, that telephone number belongs to a business called California Car Cover in Chatsworth, California. A copy of the Express Mail label for the package delivered to Liegakos on October 5, 2004, is attached as <u>Exhibit 2</u>.

3

7. Later that day, U.S. Postal Inspector Steve Dowd ("Inspector Dowd"), contacted the DEA Logan Airport Task Force ("LATF") and requested assistance with a controlled delivery of the package to Liegakos at his North Andover, Massachusetts, address, but when agents arrived at the address, there was no answer at the residence. Inspector Dowd and I did observe, however, Liegakos' name on the #12 mailbox at 49 Royal Crest Drive. At that time, Inspector Dowd placed a notice in Liegakos' mailbox informing him that he could pick up his package at the North Andover Post office the following day, October 14, 2004.

8. On or about October 14, 2004, Inspector Dowd contacted me and stated that the North Andover Post Office had contacted Inspector Dowd and reported that Liegakos was at the North Andover Post Office when it opened in the morning, looking for a package. The Postal employees told Liegakos that his package was on a truck and would be in the North Andover Post Office later that same day. Liegakos then left a cellular telephone number where he could be reached with the Postal employees. The Postal employees described Liegakos as a white male, wearing a black shirt and dark slacks.

9. Later that same day, Inspector Dowd, acting in an undercover capacity, called Liegakos, using the cellular number Liegakos had provided, from the North Andover Post Office and told Liegakos that he could come and claim his package. Liegakos told Inspector Dowd that he would be there shortly. In the meantime,

4

Task Force Agent Victor Diaz ("TFA Diaz") and I stationed ourselves on the sidewalk outside the North Andover Post Office in order to observe Liegakos leaving the Post Office with the package. A short time later, I observed a white male, fitting the description that had been given of Liegakos, and later identified as Liegakos, arrive at the North Andover Post Office in a black colored, two-door BMW, bearing Massachusetts Registration No. 99HJ26 (the Defendant Vehicle).

10. I observed Liegakos park the Defendant Vehicle, walk into the North Andover Post Office, and a few minutes later exit the Post Office carrying a package. At that time, I identified myself as a DEA Agent and asked if Liegakos would consent to speak with me about the package. Liegakos voluntarily agreed, and provided identification identifying himself as James Liegakos, with a date-of-birth of May 8, 1981.

11. Liegakos stated that the package contained car parts that he had ordered over the Internet. I then asked Liegakos for written consent to search the package, and Liegakos voluntarily signed a consent to search form. Upon opening the package, four plastic bottles, wrapped in aluminum foil, of Hydrocodone 10mg/Acetaminophen 325mg pills, a Schedule III controlled substance, were discovered. Each bottle contained 500 pills, and appeared to be affixed with an original manufacturer's label. The tamper resistant foil inside the safety cap appeared still intact

5

in each of the bottles. At that time, I advised Liegakos of his Miranda Rights, and Liegakos stated that he understood them, and voluntarily agreed to answer questions about the package and its contents.

12. Liegakos stated that he was receiving the package for a friend, Carl Giannelli ("Giannelli"), in Lowell, Massachusetts. Liegakos also stated that he previously accepted another package for Giannelli on or about October 5, 2004, and delivered that package to an address in Billerica, Massachusetts. Liegakos claimed not to know the contents of either package that he was to deliver. Liegakos said that he was accepting the packages for Giannelli because he owed Giannelli $700.00 for marijuana that Giannelli had provided to him.

13. Liegakos further stated that Giannelli was going to give the package to a Frank Criscitello, who, according to Liegakos, owned a nutrition supplement store. During this part of the interview, Liegakos appeared nervous and was continually changing his story. Liegakos would originally state that he did not know certain information, and then later would provide the very information he claimed not to know. For example, at first Liegakos said he did not know Frank Criscitello's last name and telephone number, but later he provided both. Also, Liegakos originally claimed that he did not know where the package was to be delivered, but then admitted that the package was to be delivered to an

apartment in Lowell, Massachusetts. Liegakos also stated that he did not know the address of the apartment in Lowell, but later stated that he knew how to get to the Lowell apartment, and showed the interviewing agents on a map of Lowell where the apartment was located. Liegakos added that he had delivered the October 5, 2004 package to the same address in Lowell, Massachusetts. Liegakos also said that earlier in October he had made a "dry run" to the address in Lowell so that he would know where he was going.

14. Liegakos became very nervous when asked if he would consent to a search of his apartment, and he declined to consent. When asked to explain why he would not consent to the search of his apartment, Liegakos stated that he had some marijuana and alcohol in his apartment and that would violate his probation. Liegakos said that he was on probation for a prior operating under the influence charge. At that time, Liegakos was placed into custody and transported to the North Andover State Police Barracks for processing.

15. Liegakos was arrested and charged with Possession with Intent to Distribute a Class C Substance (Hydrocodone), and Possession with Intent to Distribute a Class C Substance (Hydrocodone) in a School Zone. The Commonwealth's case against Liegakos is being heard in Lawrence District Court.

16. In addition, the package was sent to the Northeast Regional Laboratory for analysis of the contents of the four

plastic bottles, which were found to contain hydrocodone and acetaminophen, with a net weight of 851.5 grams. Hydrocodone is a Schedule III controlled substance as defined by 21 U.S.C. § 812. A copy of the Lab Report is attached as <u>Exhibit 3</u>.

17. Liegakos has a long criminal history, including the following narcotics charges:

    a. In July of 2000, Liegakos was charged with Possession of a Class D Controlled Substance, Possession of a Class C Controlled Substance, Possession of a Class B Controlled Substance, and Trespassing. Liegakos admitted to the facts of the case and was placed on probation.

    b. In November, 2003, Liegakos was charged with Possession of a Class D Controlled Substance (Marijuana), and Operating Under the Influence of Liquor. Liegakos was found not guilty of the charge of Operating Under the Influence of Liquor, but admitted to the facts of the Possession of a Class D Controlled Substance (Marijuana) case and was placed on probation.

    c. In December, 2003, Liegakos was charged with Possession of a Class C Controlled Substance (Valium), and Possession of a Class D Controlled Substance (Marijuana). Liegakos admitted to the facts of the case and was placed on probation.

18. On or about February 4, 2005, a warrant was issued based on Liegakos' failure to appear at a scheduled court hearing. Currently, Liegakos is a fugitive from justice in the Commonwealth of Massachusetts.

19. According to the Massachusetts Registry of Motor Vehicles, the Defendant Vehicle is registered to Carlene M. Sampson, 21 Fairwood Drive, Bradford, Massachusetts. Carlene

Sampson is Liegakos' mother. Based on my training and experience, I know that drug traffickers often place their property in the name of a "straw owner" to protect their assets from being forfeited.

20. Based on the information contained above, I have probable cause to believe that the Defendant Vehicle was used or intended to be used to transport, or in any manner to facilitate the transportation, sale, receipt, possession, or concealment of controlled substances, in violation of the Act, and is therefore subject to seizure and forfeiture pursuant to Title 21, United States Code, Sections 881(a)(4) and (b).

Signed under the pains and penalties of perjury this 1st day of March, 2005.

*Robert Donovan*
Robert Donovan
Special Agent
U.S. Drug Enforcement Administration



Mailing Label
Label 11-B September 2002

ER 782853700 US

**EXPRESS MAIL**
UNITED STATES POSTAL SERVICE®   Post Office To Addressee

**ORIGIN (POSTAL USE ONLY)**
PO ZIP Code: 91395
Day: 10-12-04
Time In: 10.37 AM
Weight: 4 lbs 5.70 ozs
Postage: $27.30
Total Postage & Fees: $27.30

FROM: MARK SMITH
PHONE: 818-300-7699
19200 NORDHOFF ST #102
NORTHRIDGE CA
91324

**DELIVERY (POSTAL USE ONLY)**
Delivery Attempt: Mo 10 Day 13 Time 11:22 AM
Delivery Date: Mo 10 Day 14 AM

TO: JIM CICGAROS
PHONE: 781-244-0779
49 ROYAL CREST DRIVE APT #12
NORTH ANDOVER, MA
01845

ZIP+4: 0 1 8 4 5

FOR PICKUP OR TRACKING CALL 1-800-222-1811
www.usps.com  EMS
PRESS HARD. You are making 3 copies.



USPS EXPRESS MAIL — Post Office To Addressee

ER 782853695 US

**ORIGIN (POSTAL USE ONLY)**
- PO ZIP Code: 91343
- Day of Delivery: Next
- Date In: 10-04-04
- Time In: 2:39 PM
- Weight: 4 lbs 1.3 oz
- Postage: $27.30
- Total Postage & Fees: $27.30

**FROM:**
MAIA SMITH
19700 NORDHOFF ST. #201
NORTHRIDGE CA 91306
PHONE: 818 998 2100

**TO:**
JIM LIZGAKOS
49 ROYAL CREST DRIVE #12
NORTH ANDOVER, MA
PHONE: 781 244-0779
ZIP: 01845




**U.S. Department of Justice**
**Drug Enforcement Administration**

Read Instructions on Reverse before completing.

168351

## REPORT OF DRUG PROPERTY COLLECTED, PURCHASED OR SEIZED

| 1. HOW OBTAINED (Check) | | | | 2a. FILE NO. | 2b. PROGRAM CODE | 3. G-DEP ID |
|---|---|---|---|---|---|---|
| ☐ Purchase | ☒ Seizure | ☐ Free Sample | | | | |
| ☐ Lab. Seizure | ☐ Money Flashed | ☐ Compliance Sample (Non-Criminal) | | CC-05-0007 | API 100 | UGN5D |
| ☐ Internal Body Carry | ☐ Other (Specify) | | | | | |

| 4a. WHERE OBTAINED (City, State/Country) | 4b. DATE OBTAINED | 5. FILE TITLE |
|---|---|---|
| NORTH ANDOVER, MA  0440 | 10-14-2004 | LIEGAKOS, JAMES |

| 6a. REFERRING AGENCY (Name) | 6b. REFERRAL | 7. DATE PREPARED | 8. GROUP NO. |
|---|---|---|---|
| | ☐ Case No. OR ☐ Seizure No. | 10-21-2004 | TF3 |

| 9. Exhibit No. | 10. FDIN (10 characters) | 11. ALLEGED DRUGS | 12. MARKS OR LABELS (Describe fully) | APPROX. GROSS QUANTITY | | 15. Purchase Cost |
|---|---|---|---|---|---|---|
| | | | | 13. Seized | 14. Submitted | |
| 1 | | HYDROCODONE | yellow colored pills contained in four plastic bottles further contained in a US Postal box | Appx 2,000 pills | Apx 2,000 pills | 0.00 |

16. WAS ORIGINAL CONTAINER SUBMITTED SEPARATE FROM DRUG? ☒ NO (included above) ☐ YES (if Yes, enter exhibit no. and describe original container fully)

REMARKS:
On 10-14-04, Exhibit #1 was seized from James LIEGAKOS during his arrest. On that same date, TFA Robert Nugent maintained custody of the exhibit for safekeeping. On 10-20-2004 TFA Nugent relinquished custody of the exhibit to S/A Robert Donovan who secured the package for safekeeping and future submission to the laboratory for analysis. On 10-21-2004, TFA Victor Diaz acquired the exhibit from the safe and mailed the exhibit to the Northeast Regional Laboratory via RMRR.

| 17. SUBMITTED BY SPECIAL AGENT (Signature) | 18. APPROVED BY (Signature & Title) |
|---|---|
| TFA Victor Diaz | G/S David Golia |

### LABORATORY EVIDENCE RECEIPT REPORT

| 19. NO. PACKAGES | 20. RECEIVED FROM (Signature & Date) | 21. Print or Type NAME and TITLE |
|---|---|---|
| 1 | 7004 1160 0006 1100 0089 | |
| 22. SEAL ☒ Broken ☐ Unbroken | 23. RECEIVED BY (Signature & Date) 11/1/04 | 24. Print or Type NAME and TITLE  Irene Milo  E2 |
| LSP 12/02/04 | | |

### LABORATORY REPORT

25. ANALYSIS SUMMARY AND REMARKS

Exhibit #1 contains hydrocodone (salt form undetermined), and acetaminophen.

Gross Wt. = 1990 g

Net Wt. = 851.5 g   (2000 tablets)

SEE CERTIFICATION ON BACK

| 26. Exhibit No. | 27. Lab. No. | 28. ACTIVE DRUG INGREDIENT (Established or Common Name) | CONCENTRATION | | | 32. AMT. OF PURE DRUG | 33. RESERVE |
|---|---|---|---|---|---|---|---|
| | | | 29. Strength | 30. Measure | 31. Unit | | |
| 1 | 168351 | hydrocodone | --- | | | --- | 851.4 g (1999 tablets) |

| 34. ANALYST (Signature)  ANN MARIE VALENTINO | 35. TITLE  FORENSIC CHEMIST | 36. DATE COMPLETED  12/02/2004 |
|---|---|---|
| 37. APPROVED BY (Signature & Date)  THOMAS M. BLACKWELL | 38. TITLE  LABORATORY DIRECTOR | 39. LAB. LOCATION  NEW YORK |

DEA Form - 7
Sept. 1995)       Previous edition dated 4/90 may be used until stock is exhausted.       1 - Prosecution

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) United States of America v. 1995 BMW M3 Coupe, Bearing Vehicle Identification Number WBSBF9321SEH03438, and Massachusetts Registration No. 99HJ26

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

    ___ I. 160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

    _X_ II. 195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.    *Also complete AO 120 or AO 121 for patent, trademark or copyright cases

    ___ III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891.

    ___ IV. 220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900.

    ___ V. 150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

_____

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
                                                            YES ☐    NO ☒

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
                                                            YES ☐    NO ☒

    If so, is the u.s.a. or an officer, agent or employee of the u.s. a party?
                                                            YES ☐    NO ☐

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 usc §2284?
                                                            YES ☐    NO ☒

7. Do all of the parties in this action, excluding governmental agencies of the united states and the commonwealth of massachusetts ("governmental agencies"), residing in massachusetts reside in the same division? - (See local rule 40.1(d)).

    N/A                                                     YES ☐    NO ☐

    A. If yes, in which division do all of the non-governmental parties reside?

       Eastern Division ☐    Central Division ☐    Western Division ☐

    B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?

       Eastern Division ☐    Central Division ☐    Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)

    N/A                                                     YES ☐    NO ☐

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME  Shelbey D. Wright, Assistant U.S. Attorney
ADDRESS  U.S. Attorney's Office, 1 Courthouse Way, Suite 9200, Boston, MA  02210
TELEPHONE NO.  (617) 748-3100

(Cover sheet local.wpd - 09/12/02)

JS 44
(Rev. 12/96)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

### I. (a) PLAINTIFFS
United States of America

### DEFENDANTS
1995 BMW M3 Coupe, Bearing Vehicle Identification Number WBSBF9321SEH03438, and Massachusetts Registration No. 99HJ26

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Shelbey D. Wright, Assistant U.S. Attorney
United States Attorney's Office
1 Courthouse Way, Suite 9220
Boston, MA 02210    (617) 748-3100

ATTORNEYS (IF KNOWN)

### II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

[X] 1 U.S. Government Plaintiff
[ ] 2 U.S. Government Defendant
[ ] 3 Federal Question (U.S. Government Not a Party)
[ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

### IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)
[X] 1 Original Proceeding
[ ] 2 Removed from State Court
[ ] 3 Remanded from Appellate Court
[ ] 4 Reinstated or Reopened
[ ] 5 Transferred from another district (specify)
[ ] 6 Multidistrict Litigation
[ ] 7 Appeal to District Judge from Magistrate Judgment

### V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | [ ] 310 Airplane / [ ] 362 Personal Injury — Med. Malpractice | [ ] 620 Other Food & Drug | [ ] 423 Withdrawal 28 USC 157 | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [X] 625 Drug Related Seizure of Property 21 USC 881 | | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander / [ ] 365 Personal Injury — Product Liability | [ ] 630 Liquor Laws | **PROPERTY RIGHTS** | [ ] 450 Commerce/ICC Rates/etc. |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability / [ ] 368 Asbestos Personal Injury Product Liability | [ ] 640 R.R. & Truck | [ ] 820 Copyrights | [ ] 460 Deportation |
| [ ] 151 Medicare Act | | [ ] 650 Airline Regs. | [ ] 830 Patent | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans) | [ ] 340 Marine | [ ] 660 Occupational Safety/Health | [ ] 840 Trademark | [ ] 810 Selective Service |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 345 Marine Product Liability / **PERSONAL PROPERTY** [ ] 370 Other Fraud | [ ] 690 Other | | [ ] 850 Securities/Commodities/Exchange |
| [ ] 160 Stockholders' Suits | [ ] 350 Motor Vehicle / [ ] 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | [ ] 875 Customer Challenge 12 USC 3410 |
| [ ] 190 Other Contract | [ ] 355 Motor Vehicle Product Liability / [ ] 380 Other Personal Property Damage | [ ] 710 Fair Labor Standards Act | [ ] 861 HIA (1395ff) | [ ] 891 Agricultural Acts |
| [ ] 195 Contract Product Liability | [ ] 360 Other Personal Injury / [ ] 385 Property Damage Product Liability | [ ] 720 Labor/Mgmt. Relations | [ ] 862 Black Lung (923) | [ ] 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | | [ ] 863 DIWC/DIWW (405(g)) | [ ] 893 Environmental Matters |
| | | | [ ] 864 SSID Title XVI | [ ] 894 Energy Allocation Act |
| | | **PRISONER PETITIONS** | [ ] 865 RSI (405(g)) | [ ] 895 Freedom of Information Act |
| [ ] 210 Land Condemnation | [ ] 441 Voting | [ ] 510 Motions to Vacate Sentence | | [ ] 900 Appeal of Fee Determination Under Equal Access to Justice |
| [ ] 220 Foreclosure | [ ] 442 Employment | **HABEAS CORPUS:** | [ ] 730 Labor/Mgmt. Reporting & Disclosure Act | |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing/ Accommodations | [ ] 530 General | [ ] 740 Railway Labor Act | **FEDERAL TAX SUITS** |
| [ ] 240 Torts to Land | | [ ] 535 Death Penalty | [ ] 790 Other Labor Litigation | [ ] 950 Constitutionality of State Statutes |
| [ ] 245 Tort Product Liability | [ ] 444 Welfare | [ ] 540 Mandamus & Other | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) |
| [ ] 290 All Other Real Property | [ ] 440 Other Civil Rights | [ ] 550 Civil Rights | [ ] 791 Empl. Ret. Inc. Security Act | [ ] 890 Other Statutory Actions |
| | | [ ] 555 Prison Condition | | [ ] 871 IRS — Third Party 26 USC 7609 |

### VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

Government seeks the forfeiture of the Defendant Vehicle pursuant to 21 U.S.C. § 881(a)(4).

### VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A **CLASS ACTION**
[ ] UNDER F.R.C.P. 23

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND:   [ ] YES   [ ] NO

### VIII. RELATED CASE(S) IF ANY (See instructions):
JUDGE _____    DOCKET NUMBER _____

DATE: 3/1/05
SIGNATURE OF ATTORNEY OF RECORD: /s/ Shelbey D. Wright

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____